**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-02626-NYW

LANH VO,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,
MARKWAYNE MULLIN in his official capacity, and
TODD BLANCHE, in his official capacity,

      Respondents.

_____

## MEMORANDUM OPINION AND ORDER
_____

This matter is before the Court on the Petition for Writ of Habeas Corpus (the "Petition"). [Doc. 2]. Respondents filed a response to the Petition but declined to "submit[] a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 7]. Petitioner has replied. [Doc. 8]. For the reasons set forth in this Order, the Petition is respectfully **GRANTED**.

## BACKGROUND

Petitioner Lanh Vo ("Petitioner" or "Mr. Vo") is a citizen of Vietnam who arrived in the United States without admission or parole in October 2024. [Doc. 2 at ¶¶ 16–17]. The Government initially detained him but released him into the United States on his own recognizance. [*Id.* at ¶¶ 18–19]. For a year and a half, Mr. Vo lived in the United States while complying with the requirements imposed on his release. [*Id.* at ¶ 20–22]. On April 29, 2026, he appeared for a required monthly check-in. [*Id.* at ¶ 23]. At the check-in, he

was arrested by officers from U.S. Customs and Immigration Enforcement ("ICE").  [*Id.*].  The officers did not present him with a warrant, and Mr. Vo says he has not received one since.  [*Id.* at ¶¶ 23–24].  He is currently detained at the ICE Denver Contract Detention Facility.  [*Id.* at ¶ 11].  He has not received a bond hearing.  [*Id.* at ¶ 5].

In the Petition, Mr. Vo brings three claims challenging his detention.  First, he argues that his detention violates the Immigration and Nationality Act ("INA"), specifically 8 U.S.C. §§ 1225(b)(2) and 1226(a) ("Count One").  [*Id.* at ¶¶ 54–56].  Mr. Vo contends that he cannot be detained under § 1225(b)(2)(A), so he must be detained under § 1226(a) and is entitled to its attendant procedural protections.  *See* [*id.*].  Second, he argues that his warrantless arrest without probable cause violates the Fourth Amendment ("Count Two").  [*Id.* at ¶¶ 57–60].  Third, he argues that his detention without a pre-arrest bond hearing violates his due process rights under the Fifth Amendment ("Count Three").  [*Id.* at ¶¶ 61–66].

This matter is fully briefed and ripe for disposition.  No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary.  *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

**LEGAL STANDARD**

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the

writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

Petitioner's claims turn on whether his detention is governed by § 1226(a). The Court summarizes the statutory framework before turning to the facts of this case.

## I.    Statutory Framework

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1226(a) "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). This provision "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297. Section 1225(b)(2)(A) provides, in relevant part, that "in the

case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings.   8 U.S.C. § 1225(b)(2)(A) (emphasis added).[1]   Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

The Tenth Circuit has explained that "[t]he only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Santillan Quiroz v. Mullin*, --- F. 4th ----, 2026 WL 1876709, at *7 (10th Cir. June 30, 2026). "Since § 1225(b)(2)(A) applies only to those seeking admission," the Tenth Circuit has concluded that "§ 1225(b)(2)(A)'s application is limited to the border." *Id.* at *7–8.

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

## II.    Section 1226(a) Applies to Petitioner

The Petition anticipates that Respondents may assert—as they have in previous

---

[1] Under 8 U.S.C. § 1225(b)(1), "certain applicants for admission who are deemed inadmissible are subject to expedited removal, unless they express a fear of persecution or an intent to apply for asylum." *Guerrero Orellana v. Moniz*, 802 F. Supp. 3d 297, 304 (D. Mass. Oct. 3, 2025), *appeal docketed*, No. 25-2152 (1st Cir. Dec. 3, 2025); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (directing an immigration officer to "order [a person deemed inadmissible] removed from the United States without further hearing or review unless [the person] indicates either an intention to apply for asylum . . . or a fear of persecution"). Respondents do not argue that Petitioner is detained pursuant to § 1225(b)(1), *see* [Doc. 7], so the Court does not address detention under this subsection.

cases—that § 1225(b)(2)(A) mandates Mr. Vo's detention. *See* [Doc. 2 at ¶¶ 26–46]. However, Respondents make no such argument in their response brief, [Doc. 7], presumably because the Tenth Circuit recently rejected it, *see Santillan Quiroz*, 2026 WL 1876709. In *Santillan Quiroz*, the Tenth Circuit reversed the denial of a similar habeas petition filed by a noncitizen who had resided in the United States for years before he was detained by ICE during a traffic stop. *Id.* at *1–2. The Government did not provide the petitioner with a bond hearing because it claimed that § 1225 mandated his detention. *See id.* at *2. The Tenth Circuit disagreed, holding that because the petitioner was already residing in the United States and "ha[d] no present request for lawful entry pending," he was "not seeking admission" as required by § 1225(b)(2)(A), *id.* at *5–7.

The Tenth Circuit reasoned that the *Santillan Quiroz* petitioner and those similarly situated to him, i.e. "those who entered the United States without admission and who have lived here since," "are categorically unable to seek admission while they remain in the country." *Id.* at *7. After all, "[a] person cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered." *Id.* Thus, the Tenth Circuit concluded that "[t]he only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Id.*; *see also id.* ("Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border."). Because the petitioner in *Santillan Quiroz* had been residing in the United States for years before he was detained, he was not seeking admission and could not be detained under § 1225. *Id.*

Instead, the petitioner in *Santillan Quiroz* could be properly subject to detention under § 1226(a). *Id.* at *17 n.13; *see also id.* at *5 (holding that "noncitizens who entered

the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)").  In accordance with § 1226(a), the Tenth Circuit ruled that on remand, the district court must order the Government to "either provide [the petitioner] with a bond hearing or else release him." *Id.* at *17 n.13.

The analysis and holding in *Santillan Quiroz* controls this case.  Mr. Vo had been residing in the United States for a year and a half when he was detained.  His detention is therefore governed by § 1226(a).

### III.    Petitioner's Detention Violates § 1226(a)

Given that Petitioner is detained pursuant to § 1226(a), the Court finds his detention unlawful based on Respondents' failure to comply with its terms.  As this Court has held, and as *Santillan Quiroz* confirms, detention without a bond hearing or individualized custody determination violates § 1226(a).  *See, e.g.*, *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW , 2026 WL 503313, at *3 (D. Colo. Feb. 24, 2026); *see also Santillan Quiroz*, 2026 WL 1876709 at *17 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.").  Respondents do not dispute that Petitioner has not received a bond hearing.  *See* [Doc. 7].

But Respondents' noncompliance with § 1226(a) goes further.  Section 1226(a) authorizes arrest and detention only "[o]n a warrant issued by the Attorney General."  Thus, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may not

6

be arrested and detained under section 1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025); *see also Jennings*, 583 U.S. at 302 ("[Section 1226(a)] authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the alien's arrest."). Accordingly, this Court has held that "a warrant is a mandatory predicate for commencing detention under § 1226(a)." *Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880, at *5 (D. Colo. May 15, 2026).[2]

In his Petition, Mr. Vo averred that he was arrested and detained without a warrant. [*Id.* at ¶ 23]. And he says he has received no warrant or other documents since his arrest. [*Id.* at ¶ 24]. Despite these allegations, Respondents have produced no warrant, nor do they dispute Petitioner's assertion that they failed to obtain one. [Doc. 7]. On this record, the Court respectfully concludes that Respondents have detained Mr. Vo without a warrant. This violates § 1226(a).

## IV.    Appropriate Remedy

Respondents contend that the proper remedy is a bond hearing, not immediate release. [Doc. 7 at 2]. To be sure, the Court has reached the same conclusion in cases involving only the denial of a bond hearing. *See, e.g.*, *Martinez Escobar*, 2026 WL 503313, at *4; *see also Santillan Quiroz*, 2026 WL 1876709, at *17 n.13 (instructing the district court to issue similar relief on remand). But the Court respectfully disagrees that a bond hearing is an appropriate remedy when a petitioner is detained without the warrant

---

[2] Another statute, 8 U.S.C. § 1357(a)(2), permits immigration officers to make warrantless *arrests* if they have probable cause to believe that a noncitizen is unlawfully present in the United States and likely to escape before a warrant can be obtained, *see generally Quezada-Estrada*, 2026 WL 1361880, at *5. There is no indication that ICE officers made a probable cause determination for Mr. Vo. In any event, § 1357(a)(2) deals only with arrests. To initiate detention under § 1226(a), immigration officers must obtain a warrant. *See Jennings*, 583 U.S. at 302.

required by § 1226(a).  As the Court has explained, "[r]elease is an appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate.'"  *Quezada-Estrada*, 2026 WL 1361880, at *6 (quoting *Ahmed M. v. Bondi*, No. 25-cv-04711-ECT-SGE, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026)).  Absent a "warrant issued by the Attorney General," Respondents cannot detain Petitioner under § 1226(a).  Because a bond hearing will not cure this fundamental defect in Petitioner's detention, the appropriate remedy is release.[3]  *See, e.g.*, *Ahmed M.*, 2026 WL 25627, at *3 (ordering immediate release where respondents failed to produce warrant authorizing petitioner's arrest and detention under § 1226(a)); *Diallo v. Baltazar*, No. 1:25-cv-03548-SKC, 2026 WL 237296, at *3 (D. Colo. Jan. 29, 2026) (similar); *see also Munaf v. Green*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention.  The typical remedy for such detention is, of course, release." (internal citation omitted)).  The Petition is respectfully **GRANTED** as to Count One.

Having granted Mr. Vo the requested relief on statutory grounds, the Court need not reach his constitutional arguments.  Consistent with its usual practice, the Court will order the Parties to submit a Joint Status Report regarding Petitioner's release.

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1)     The Petition for Writ of Habeas Corpus [Doc. 2] is **GRANTED** as set forth

herein;

---

[3] Petitioner also seeks attorney's fees and costs, presumably under the Equal Access to Justice Act.  [Doc. 2 at 17]; *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025).  But this District's Local Rules require that those requests be made by separate motion.  *See* D.C.Colo.LCivR 54.3.  A fee award is thus inappropriate at this juncture.

(2)    Respondents **SHALL RELEASE** Petitioner from custody within **48 hours**; and

(3)    On or before **July 17, 2026,** the Parties shall file a joint status report confirming that Petitioner was released.

DATED:  July 10, 2026                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge